**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD DIVISION**

**UNITED STATES OF AMERICA**

v.                                            Criminal Case No.:  1:67-06499

**CLETUS MULLINS**

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to expunge his criminal record.  (Doc. No. 9).  In a recent case from the Northern District of West Virginia, Judge Stamp discussed a district court's authority to expunge a federal conviction.  See United States v. Bowen, Criminal Action No. 5:92CR174 (STAMP), 2015 WL 2144012 (N.D.W. Va. May 7, 2015).  Judge Stamp concluded that the court was without jurisdiction to entertain the motion to expunge because (1) "no federal statute or regulation generally provides for expungement of a federal offense[;]" and (2) federal courts do not have ancillary jurisdiction to expunge federal criminal convictions.  Id. at *1 and 4.  In so doing, the Bowen court relied on a case from the Eastern District of Virginia, United States v. Mitchell, 683 F. Supp. 2d 427 (E.D. Va. 2010).  The court finds the decisions in Bowen and Mitchell persuasive and, for the reasons cited in those authorities, defendant's motion to expunge is **DENIED** as this court does not have jurisdiction to grant the requested relief.  See also United States v. James, Criminal Action No. 1:02CR36-6, 2017 WL 3841885, *3 (N.D.W. Va. Sept. 1, 2017) (noting "[t]hat every circuit court

to have addressed this issue post-Kokkonen has concluded that no ancillary jurisdiction exists to hear a request for equitable expungement of an arrest following conviction or acquittal persuades this Court that it lacks jurisdiction to grant equitable expungement."). Furthermore, even if the court did possess the requisite jurisdiction, Mr. Mullins does not present "extreme or exceptional circumstances", Allen v. Webster, 742 F.2d 153, 155 (4th Cir. 1984), which would justify expungement. See James, 2017 WL 3841885, at *3.

With respect to defendant's specific request regarding restoration of his firearms rights, in West Virginia a "person prohibited from possessing a firearm by the provisions of subsection (a) of this section may petition the circuit court of the county in which he or she resides to regain the ability to possess a firearm. . . ." West Virginia Code § 61-7-7(f); see also Perito v. County of Brooke, 597 S.E. 2d 311, 315-16 (W. Va. 2004) (recognizing that West Virginia statute providing a procedure for restoring the ability to possess firearms to convicted felons was constitutional). Therefore, this court is without jurisdiction to restore defendant's firearms rights and that request is likewise **DENIED**.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to defendant.

It is SO ORDERED this 20th day of March, 2019.

                    Enter:

                    *David A. Faber*
                    David A. Faber
                    Senior United States District Judge